FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 OCT 23   AM 10 16

STEPHAN HARRIS, CLERK
CHEYENNE

Frederick J. Harrison
Frederick J. Harrison, P.C.
715 W. Pine
P.O. Box 1066
Rawlins, WY 82301
(307) 324-6639
Fax (307) 324-4444

Stuart A. Ollanik
The Gilbert Law Group, P.C.
5400 Ward Road, Bldg. IV, Suite 200
Arvada, CO 80220
(303) 431-1111
Fax (303) 431-1633

ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| EDMOND LEE SPENCER, individually;<br>CAROLYN KAY SPENCER, individually,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ALVARENGA TRANSPORT SERVICE, a Texas<br>entity; JOSE H. QUINTANILLA, an individual;<br>MASIL REFRIGERATED TRANSPORT, a<br>Nebraska entity; MOISES M. VILLA, an<br>individual; APAX, INC., a California entity;<br>ELVIS R. ROMERO, an individual; ALAN<br>SCHNEIDER TRUCKING, INC., a Texas<br>entity; JAMES T. OWENS, an individual;<br>MICHAEL M. CARROL, an individual; EILEEN<br>M. MILLER, an individual; PROSPORT<br>EXPRESS, an Illinois entity; DANIEL<br>PATRASCU, an individual; ALBERT C. PORR,<br>an individual; WORLD TRUCKING EXPRESS<br>INC., an Illinois entity; DRAGAN VOJINOVIL,<br>an individual; TRIMAC TRANSPORTATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL NO. ___1 3 C V 2 4 0-F___ |

SERVICES WESTERN INC., a Delaware entity; )
RANDY S. HARDING, an individual; ROTEX )
TRANSPORTATION INC., a California entity; )
KOLYESYNYKOV OLEKSANGR, an individual; )
PILOT TRAVEL CENTERS, LLC, a Delaware )
entity; AUSTIN RICHARDSON, an individual; )
WILLIAM P. ENNIS, an individual; WERNER )
ENTERPRISE, INC., a Nebraska entity; )
MICHAEL LEIGHNER, an individual; )
TERMINAL TRANSPORT, INC., a Minnesota )
entity; SABIT GUSIC, an individual; )
CHALLENGER EXPRESS, INC., an Illinois )
entity; MIHAI A. CHETAN, an individual; )
DANIEL W. TUCKER, an individual; SELECT )
EXPRESS, LLC, an Idaho entity; ALBERTO )
LARA-TENORIO, an individual; FEDEX )
GROUND PACKAGE SYSTEM, INC., a Delaware )
entity; FEDEX FREIGHT CORPORATION, a )
Delaware entity; JOHN DOE COMPANIES 1-10; )
and JOHN DOES 1-10, )
                          Defendants. )

---

## COMPLAINT AND JURY DEMAND

---

      The Plaintiffs, Edmond and Carolyn Spencer, for their Complaint against the Defendants,

and each of them, allege as follows:

### JURISDICTION AND VENUE STATEMENT

      1.     Plaintiff EDMOND LEE SPENCER (hereinafter "Mr. Spencer" or "Edmond

Spencer") is a citizen of the State of Kansas.

      2.     Plaintiff CAROLYN KAY SPENCER (hereinafter "Ms. Spencer" or "Carolyn

Spencer") is a citizen of the State of Kansas.

3.     Upon information and belief, Defendant ALVARENGA TRANSPORT SERVICE (hereinafter "Alvarenga Transport") is a motor carrier and a corporation incorporated in the State of Texas with its principal place of business also in the State of Texas, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

4.     Upon information and belief, Defendant JOSE H. QUINTANILLA, (hereinafter "Quintanilla") is a citizen of the State of Texas, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

5.     At the time of the subject incident and all relevant times, Defendant Quintanilla was a driver for and an employee and/or independent contractor/agent of Defendant Alvarenga Transport, and acting within the scope and course of that employment.

6.     Upon information and belief, Defendant MASIL REFRIGERATED TRANSPORT (hereinafter "Masil Transport") is a motor carrier and a corporation incorporated in the State of Nebraska with its principal place of business also in the State of Nebraska, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

7.     Upon information and belief, Defendant MOISES M. VILLA (hereinafter "Villa") is a citizen of the state of Nebraska, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

8.     At the time of the subject incident and all relevant times, Defendant Villa was a driver for and an employee and/or independent contractor/agent of Defendant Masil Transport, and acting within the scope and course of that employment.

9.     Upon information and belief, Defendant APAX, INC. (hereinafter "Apax") is a motor carrier and a corporation incorporated in the State of California with its principal place of business also in the State of California, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

10.    Upon information and belief, Defendant ELVIS R. ROMERO (hereinafter "Romero") is a citizen of the state of California, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

11.    At the time of the subject incident and all relevant times, Defendant Romero was a driver for and an employee and/or independent contractor/agent of Defendant Apax, and acting within the scope and course of that employment.

12.    Upon information and belief, Defendant ALAN SCHNEIDER TRUCKING, INC. (hereinafter "Schneider Trucking") is a motor carrier and a corporation incorporated in the State of Texas with its principal place of business also in the State of Texas, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

13.    Upon information and belief, Defendant JAMES T. OWENS (hereinafter "Owens") is a resident of the state of Texas, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

14. At the time of the subject incident and all relevant times, Defendant Owens was a driver for and an employee and/or independent contractor/agent of Defendant Schneider Trucking, and acting within the scope and course of that employment.

15. Upon information and belief, Defendant MICHAEL M. CARROL (hereinafter "Carrol") is a resident of the state of Wyoming, and was at the time of the subject accident and at all relevant times operating his passenger vehicle within the State of Wyoming.

16. Upon information and belief, Defendant EILEEN M. MILLER (hereinafter "Miller") is a resident of the state of Arizona, and was at the time of the subject accident and at all relevant times operating her passenger vehicle within the State of Wyoming.

17. Upon information and belief, Defendant PROSPORT EXPRESS (hereinafter "Prosport Express") is a motor carrier and a corporation incorporated in the State of Illinois with its principal place of business also in the State of Illinois, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

18. Upon information and belief, Defendant DANIEL PATRASCU (hereinafter "Patrascu") is a resident of the state of Illinois and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming. It is believed that Defendant Patrascu may be a motor carrier and/or the owner of the 2005 Volvo Truck driven by Defendant Albert C. Porr at the time of the subject accident.

19. Upon information and belief, Defendant ALBERT C. PORR (hereinafter "Porr") is a resident of the state of Washington, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

20.     At the time of the subject incident and all relevant times, Defendant Porr was a driver for and an employee and/or independent contractor/agent of Defendants ProSport Express and/or Patrascu, and acting within the scope and course of that employment.

21.     Upon information and belief, Defendant WORLD TRUCKING EXPRESS INC. (hereinafter "World Trucking") is a motor carrier and a corporation incorporated in the State of Illinois with its principal place of business also in the State of Illinois, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

22.     Upon information and belief, Defendant DRAGAN VOJINOVIL (hereinafter "Vojinovil") is a resident of the state of Arizona, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

23.     At the time of the subject incident and all relevant times, Defendant Vojinovil was a driver for and an employee and/or independent contractor/agent of Defendant World Trucking, and acting within the scope and course of that employment.

24.     Upon information and belief, Defendant TRIMAC TRANSPORTATION SERVICES WESTERN INC. (hereinafter "Trimac Transportation") is a motor carrier and a corporation incorporated in the State of Delaware with its principal place of business in the State of Texas, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

25.     Upon information and belief, RANDY S. HARDING (hereinafter "Harding") is a resident of the state of Utah, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

26.     At the time of the subject incident and all relevant times, Defendant Harding was a driver for and an employee and/or independent contractor/agent of Defendant Trimac Transportation, and acting within the scope and course of that employment.

27.     Upon information and belief, Defendant ROTEX TRANSPORTATION INC. (hereinafter "Rotex Transportation") is a motor carrier and a corporation incorporated in the State of California with its principal place of business also in the State of California, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

28.     Upon information and belief, Defendant KOLYESYNYKOV OLEKSANGR (hereinafter "Oleksanger") is a resident of the state of Missouri, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

29.     At the time of the subject incident and all relevant times, Defendant Oleksanger was a driver for and an employee and/or independent contractor/agent of Defendant Rotex Transportation, and acting within the scope and course of that employment.

30.     Upon information and belief, Defendant PILOT TRAVEL CENTERS, LLC (hereinafter "Pilot Travel") is a motor carrier and a corporation incorporated in the State of Delaware with its principal place of business in the State of Tennessee, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

31.     Upon information and belief, Defendant AUSTIN RICHARDSON (hereinafter "Richardson") is a resident of the state of Wyoming, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

32.     Upon information and belief, Defendant WILLIAM P. ENNIS (hereinafter "Ennis") is a resident of the state of Wyoming, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

33.     At the time of the subject incident and all relevant times, Defendants Richardson and Ennis were drivers for and employees and/or independent contractors/agents of Defendant Pilot Travel, and acting within the scope and course of that employment.

34.     Upon information and belief, Defendant WERNER ENTERPRISE, INC. (hereinafter "Werner Enterprise") is a motor carrier and a corporation incorporated in the State of Nebraska with its principal place of business also in the State of Nebraska, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

35.     Upon information and belief, Defendant MICHAEL LEIGHNER (hereinafter "Leighner") is a resident of the state of Utah, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

36.     At the time of the subject incident and all relevant times, Defendant Leighner was a driver for and an employee and/or independent contractor/agent of Defendant Werner Enterprise, and acting within the scope and course of that employment.

37.     Upon information and belief, Defendant TERMINAL TRANSPORT, INC. (hereinafter "Terminal Transport"), is a motor carrier and a corporation incorporated in the State

of Minnesota with its principal place of business also in the State of Minnesota, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

38.    Upon information and belief, Defendant SABIT GUSIC (hereinafter "Gusic") is a resident of the state of Iowa, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

39.    At the time of the subject incident and all relevant times, Defendant Gusic was a driver for and an employee and/or independent contractor/agent of Defendant Terminal Transport, and acting within the scope and course of that employment.

40.    Upon information and belief, Defendant CHALLENGER EXPRESS, INC. (hereinafter "Challenger Express") is a motor carrier and a corporation incorporated in the State of Illinois with its principal place of business believed to be in the State of Minnesota, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

41.    Upon information and belief, Defendant MIHAI A. CHETAN (hereinafter "Chetan") is a resident of the state of Illinois, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

42.    At the time of the subject incident and all relevant times, Defendant Chetan was a driver for and an employee and/or independent contractor/agent of Defendant Challenger Express, and acting within the scope and course of that employment.

43.     Defendant DANIEL W. TUCKER (hereinafter "Tucker") is a resident of the state of Wyoming, and was at the time of the subject accident and at all relevant times operating his passenger vehicle within the State of Wyoming.

44.     Defendant SELECT EXPRESS, LLC (hereinafter "Select Express") is a motor carrier and a corporation incorporated in the State of Idaho with its principal place of business also in the State of Idaho, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

45.     Defendant ALBERTO LARA-TENORIO (hereinafter "Lara-Tenorio") is a resident of the state of Idaho, and was at the time of the subject accident and at all relevant times operating a commercial vehicle within the State of Wyoming.

46.     At the time of the subject incident and all relevant times, Defendant Lara-Tenorio was a driver for and an employee and/or independent contractor/agent of Defendant Select Express, and acting within the scope and course of that employment.

47.     Defendant FEDEX GROUND PACKAGE SYSTEM, INC. (hereinafter "FedEx Ground") is a motor carrier and a corporation incorporated in the State of Delaware with its principal place of business in the State of Pennsylvania, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

48.     Defendant FEDEX FREIGHT CORPORATION (hereinafter "FedEx Freight") is a motor carrier and a corporation incorporated in the State of Delaware with its principal place of business in the State of Tennessee, and was at the time of the subject accident and at all relevant times conducting business within the State of Wyoming.

49.     Defendant JOHN DOE COMPANIES 1-10 were and are believed to be companies and/or entities who are carriers and/or employers of drivers involved in the subject accident described herein, whose acts, omissions and/or negligence was a proximate cause of the subject accident and/or Plaintiffs' injuries and damages.

50.     Defendant JOHN DOES 1-10 are individuals who were and are believed to be drivers involved in the subject accident described herein and/or employees, agents, and/or independent contractors of defendant(s) described herein, whose acts, omissions and/or negligence was a proximate cause of the subject accident and/or Plaintiffs' injuries and damages.

51.     Defendants Alvarenga Transport, Masil Transport, Apax, Schneider Trucking, Prosport Express, Patrascu, World Trucking, Trimac Transportation, Rotex Transportation, Pilot Travel, Werner Enterprise, Terminal Transport, Challenger Express, Select Express, FedEx Ground, FedEx Freight, John Doe Companies 1-10, and John Does 1-10 will be referred to herein collectively as the "Carrier Defendants."

52.     Defendants Quintanilla, Villa, Romero, Owens, Porr, Vojinovil, Harding, Oleksangr, Richardson, Ennis, Leighner, Gusic, Chetan, Lara-Tenorio, and John Does 1-10 will be referred to herein collectively as the "Commercial Driver Defendants."

53.     Defendants Carrol, Miller, Tucker, and John Does 1-10 will be referred to herein collectively as the "Non-Commercial Driver Defendants."

54.     There exists complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

55.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332(a).

56. The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the district of Wyoming, and venue is proper in this Court pursuant to 28 U.S.C. 1391(a).

## FACTS

57. Plaintiffs incorporate all allegations made elsewhere in this Complaint as if set forth fully herein.

58. On or about October 28, 2009, at approximately 11:15 a.m., Mr. Spencer was a passenger of a Federal Express semi-tractor trailer combination that was traveling on Interstate 80 in Laramie County, Wyoming.

59. At or near milepost 342, the semi-tractor trailer combination in which Mr. Spencer was a passenger was involved in a multi-vehicle accident involving 19 vehicles.

60. The accident resulted in serious injuries to Mr. Spencer.

61. At the time of the subject accident, it was snowing with blowing snow, snow and ice/frost present on the roadway, and road conditions were very poor.

62. According to the police report and other available evidence, the driving conditions at the time of the accident were unsafe. The Commercial Driver Defendants and Non-Commercial Driver Defendants should not have been on the roadway under such circumstances, were following each other too closely, and/or failed to maintain proper control of their vehicles as set forth more fully herein.

63. These circumstances contributed to the Defendants' vehicles and/or semi-tractor-trailer combinations needlessly colliding with one another, causing a hazardous pile-up accident that negligently placed Mr. Spencer in danger and caused him serious personal injuries.

64. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff Edmond Spencer suffered extensive and permanent personal injuries and the Plaintiffs suffered damages as set forth herein.

## FIRST CAUSE OF ACTION
### Negligence
### (All Defendants)

65. Plaintiffs incorporate all allegations made elsewhere in this Complaint as if set forth fully herein.

66. The Commercial Driver Defendants and the Non-Commercial Driver Defendants had a duty to safely operate their vehicles on the roadway.

67. The Carrier Defendants had a duty to ensure the safe operation of their commercial vehicles on the roadway.

68. The Commercial Driver Defendants and the Non-Commercial Driver Defendants breached their duties, and were negligent, for driving their vehicles in an unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner, including but not limited to the following:

    (a) Driving in conditions unsafe for driving;

    (b) Driving their respective vehicles and/or semi-tractor trailer combinations at a speed greater than was reasonable and prudent under the conditions, and having no regard to the actual and potential hazards then existing;

(c) Failing to keep proper lookout for others using the highway during extremely bad weather conditions;

(d) Inattentive driving;

(e) Failing to keep their vehicles and/or semi-tractor trailer combinations under proper control at all times;

(f) Failing to take proper action to avoid other vehicles lawfully using the road;

(g) Failing to stop their vehicles safely and in a place and manner that did not impede travel;

(h) Acting carelessly and/or negligently in the operation of their vehicles and/or semi-tractor trailer combinations without regard to the safety of others; and

(i) Otherwise disregarding the safety of property and other human beings using the highway.

69.     Pursuant to the doctrine of respondeat superior and/or vicarious liability, the Carrier Defendants are responsible for all acts and omissions of their employees and/or independent contractors/agents, and are liable for the aforementioned negligence of their respective employees and/or independent contractors/agents committed while such employees were acting in the course and scope of their employment.

70.     As a direct and proximate result of the negligence of the Defendants, the Defendant's vehicles and/or semi-tractor-trailer combinations needlessly collided with one another, causing a hazardous pile-up accident that negligently placed Mr. Spencer in danger and caused him serious personal injuries.

71.     As a direct and proximate result of the Defendants' negligence, Plaintiffs have suffered general and special damages in a present sum in excess of this Court's jurisdictional minimums, and which sum continues to increase.

## SECOND CAUSE OF ACTION
### Negligence *Per Se*
### *(All Defendants)*

72.     Plaintiffs incorporate all allegations made elsewhere in this Complaint as if set forth fully herein.

73.     The Commercial Driver Defendants and the Non-Commercial Driver Defendants were negligent *per se* for violation of the following Wyoming State Statutes:

(a) Driving a vehicle and/or a semi-tractor trailer combination at a speed greater than was reasonable and prudent under the conditions and without regard to the actual and potential hazards then existing, in violation of W.S. § 31-5-301(a);

(b) Following another vehicle more closely than is reasonable and prudent, without due regard to the speed of the vehicles and the traffic upon and the condition of the highway, in violation of W.S. § 31-5-210(a);

(c) Careless driving in a manner inconsistent with the exercise of due and diligent care normally exercised by a reasonably prudent person under similar circumstances and where such operation of a motor vehicle creates an unreasonable risk of harm to other persons or property, in violation of W.S. § 31-5-236; and/or

(d) Reckless driving in willful or wanton disregard for the safety of persons or property, in violation of W.S. § 31-5-229.

74.     Pursuant to the doctrine of respondeat superior and/or vicarious liability, the Carrier Defendants are responsible for all acts and omissions of their employees and/or

independent contractors/agents, and are liable for their respective employees' and/or independent contractors'/agents' violations of the above-stated Wyoming Statutes.

75.     The Commercial Driver Defendants were negligent per se for violation of the Federal Regulation set forth in 49 C.F.R. § 392.14 (Hazardous Conditions Extreme Caution) which requires an operator of a commercial motor vehicle to exercise extreme caution when hazardous conditions, such as ice or rain, adversely affect visibility or traction including the reduction of speed and/or the discontinuation of operation. This regulation requires that commercial motor vehicle operators safely operate a commercial motor vehicle.

76.     The Commercial Driver Defendants may also have been negligent per se for violation of other state and federal statutes or regulations applicable to drivers of commercial vehicles, which may be determined during investigation and discovery.

77.     Mr. Spencer, a vehicle passenger, is a member of the class (persons on public roadways) that 49 C.F.R. § 392.14 and other Federal Regulations applicable to drivers of commercial vehicles were intended to protect.

78.     Pursuant to the doctrine of respondeat superior and/or vicarious liability, the Carrier Defendants are responsible for all acts and omissions of their employees and/or independent contractors/agents, and are liable for their respective employees' and/or independent contractors'/agents' violations of Wyoming statutes and Federal Regulations applicable to drivers of commercial vehicles.

79.     As a direct and proximate result of the negligence per se of the Defendants, the Defendants' vehicles and/or semi-tractor and trailer combinations needlessly collided with one

another, causing a hazardous pile-up that negligently placed Mr. Spencer in danger and caused him serious personal injuries.

80.     As a direct and proximate result of the Defendants' negligence per se, Plaintiffs have suffered general and special damages in a present sum in excess of this Court's jurisdictional minimums, and which sum continues to increase.

## THIRD CAUSE OF ACTION
### Negligent Hiring, Negligent Training, Negligent Supervision, and/or Negligent Entrustment
*(Carrier Defendants)*

81.     Plaintiffs incorporate all allegations made elsewhere in this Complaint as if set forth fully herein.

82.     At all relevant times, the Carrier Defendants were conducting trucking businesses through employees and/or independent contractors/agents, including through the Commercial Driver Defendants.

83.     The Carrier Defendants had a duty of due care in the hiring, training, supervision, and retention of their employees and/or independent contractors/agents. The Carrier Defendants had a further duty of due care to investigate the background of their employees and/or independent contractors/agents, especially in light of the particular risk or hazard that the breach of that duty poses to other persons such as Plaintiff Edmond Spencer.

84.     The Carrier Defendants also had a duty of due care to ensure that employees and/or independent contractors/agents entrusted with their commercial vehicles were competent, fit, and would operate their commercial vehicles with due care for the safety of others on the roadway.

85.     The Carrier Defendants had a duty to comply with federal regulations that require them to assure the safe operation of vehicles operated under their federal motor vehicle carrier authority.

86.     The Carrier Defendants breached their duties in that, among other things, they:

(a) negligently hired and retained employees and/or independent contractors/agents who were incompetent and unfit employees;

(b) negligent failed to supervise their employees and/or independent contractors/agents;

(c) negligently failed to ensure that their employees and/or independent contractors/agents were competent and fit to safely operate their commercial vehicles upon the roadway;

(d) negligently failed to investigate the background of their employees and/or independent contractors/agents, especially in light of the particular risk or hazard that the breach of that duty poses to other persons;

(e) negligently failed to properly train their employees and/or independent contractors/agents in the safe operation of a commercial motor vehicle;

(f) negligently failed to properly train their employees and/or independent contractors/agents in compliance with federal, state, and local safety/trucking standards, regulations, codes, laws, and ordinances including, but not limited to, the Federal Motor Carrier Safety Regulations; and/or

(g) negligently failed to supervise their employees and/or independent contractors/agents to assure safe operation of their commercial vehicles.

87.     The Carrier Defendants further breached their duties in that, among other things, they (1) knew or had reason to know that some or all of the Commercial Driver Defendants were incompetent and unfit employees; (2) knew or had reason to know that that some or all of the Commercial Driver Defendants were not properly trained to safely operate a commercial motor

vehicle; and/or (3) knew or had reason to know that that some or all of the Commercial Driver Defendants were not properly trained in compliance with federal, state, and local safety/trucking standards, regulations, codes, laws, and ordinances including, but not limited to, the Federal Motor Carrier Safety Regulations.

88.     The Carrier Defendants further breached their duties by negligently entrusting their commercial motor vehicles to the Commercial Driver Defendants who they knew or should have known possessed unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner of driving habits.

89.     Despite the foregoing, the Carrier Defendants negligently, recklessly, and carelessly hired and retained unfit employees and/or independent contractors/agents, failed to properly train and supervise such individuals, and permitted them to operate their commercial motor vehicles upon the roadway in the course and scope of their employment with the Carrier Defendants.

90.     The Carrier Defendants' negligence in hiring, retaining, and failing to properly train and supervise the Commercial Driver Defendants, and entrusting the Commercial Driver Defendants with their commercial vehicles, was a direct and proximate cause of Plaintiff Edmond Spencer's injuries and Plaintiffs' damages.

91.     As a direct and proximate result of the Defendants' negligence, Plaintiffs have suffered general and special damages in a present sum in excess of this Court's jurisdictional minimums, and which sum continues to increase.

## FOURTH CAUSE OF ACTION
### Willful, Wanton, and/or Reckless Misconduct
### (All Defendants)

92.     Plaintiffs incorporate all allegations made elsewhere in this Complaint as if set forth fully herein.

93.     At all relevant times, the Commercial Driver Defendants and/or the Non-Commercial Driver Defendants were driving their semi-tractor trailer combinations and/or passenger vehicles in willful, wanton, and/or reckless disregard for the safety of persons or property.

94.     At all relevant times, the Commercial Driver Defendants and/or the Non-Commercial Driver Defendants were driving their semi-tractor trailer combinations and/or passenger vehicles in willful, wanton, and/or reckless disregard for the safety of persons or property in violation of W.S. § 31-5-301(a), W.S. § 31-5-210(a), W.S. § 31-5-236, W.S. § 31-5-229, 49 C.F.R. § 392.14, and/or other statues and/or regulations.

95.     At all relevant times, the Commercial Driver Defendants and/or the Non-Commercial Driver Defendants were aware that driving their semi-tractor trailer combinations and/or passenger vehicles in willful, wanton, and/or reckless disregard for the safety of persons or property could lead to the loss of control of their vehicles resulting in extreme dangers to other users on the highway.

96.     Plaintiffs are further entitled to punitive and/or exemplary damages against the Carrier Defendants because they engaged in one or more of the following acts:

(a) authorized the doing and the manner of the willful, wanton, and/or reckless acts of their employees and/or independent contractors/agents;

(b) were reckless in employing, retaining, training, supervising, and/or entrusting commercial vehicles to unfit employees and/or independent contractors/agents; and/or

(c) ratified or approved the acts causing Mr. Spencer's injuries and the Plaintiffs' damages.

97.     As a direct and proximate result of the Defendants' willful, wanton, and/or reckless disregard for the safety of persons on the roadway, Plaintiff Edmond Spencer was severely injured and will suffer from his injuries for the rest of his life.

98.     The willful, wanton, and/or reckless disregard for the safety of others on the roadway makes all of the Defendants liable to the Plaintiffs for punitive and/or exemplary damages under Wyoming law.

## FIFTH CAUSE OF ACTION
### Loss of Consortium
### (*All Defendants*)

99.     Plaintiffs incorporate all allegations made elsewhere in this Complaint as if set forth fully herein.

100.    At all times relevant hereto, Plaintiff Carolyn Spencer and Plaintiff Edmond Spencer were legally married.

101.    On the date of the subject accident, Plaintiff Carolyn Spencer's spouse, Plaintiff Edmond Spencer, sustained serious personal injuries as a direct result of the negligence of the Defendants.

102.    As a direct and proximate result of the Defendants' negligence and Plaintiff Edmond Spencer's resulting injuries, Plaintiff Carolyn Spencer was deprived, and will in the future be deprived, of the companionship, consortium and services of her husband, all to her detriment.

## DAMAGES

103.    As a direct and proximate result of the Defendants' acts, omissions, conduct and negligence, Edmond Spencer has suffered and continues to suffer serious personal injuries, and has incurred the following damages for which he is entitled to collect compensation from Defendants, and each of them:

(a) General damages in an amount not less than $75,000;

(b) Special damages in an amount not less than $75,000;

(c) loss of income, past and future;

(d) reduced capacity to earn;

(e) pain and suffering, past and future;

(f) scarring, permanent disability, embarrassment, humiliation, and disfigurement, past and future;

(g) mental anguish and suffering, past and future;

(h) loss of the enjoyment of life, past and future;

(i) past and future surgery and/or medical care expenses;

(j) loss of home services;

(k) punitive or exemplary damages;

(l) interest at the legal rate;

(m) costs of suit herein incurred;

(n) all applicable attorney's fees;

(o) any other losses or damages as may be proven or shown; and

(p) such other and further relief as the Court may deem proper.

104.    As a direct and proximate result of the Defendants' acts, omissions, conduct and negligence, Plaintiff Carolyn Spencer has suffered and continues to suffer a loss of consortium due to the injuries sustained by her husband, Edmond Spencer, for which she is entitled to compensation from Defendants, and each of them.

**WHEREFORE**, Plaintiffs pray that this Court enter judgment against the Defendants and each of them, for damages pled herein, costs of this action, and for such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 22 day of October, 2013.

EDWARD LEE SPENCER and
CAROLYN KAY SPENCER, Plaintiffs

By:    *Frederick J. Harrison*
Frederick J. Harrison
Frederick J. Harrison, P.C.
715 W. Pine
P.O. Box 1066
Rawlins, WY 82301
(307) 324-6639
Fax (307) 324-4444

and

Stuart A. Ollanik
The Gilbert Law Group, P.C.
5400 Ward Road, Bldg. IV, Suite 200
Arvada, CO 80220
(303) 431-1111
Fax (303)431-1633

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury.

RESPECTFULLY SUBMITTED this **22** day of October, 2013.

EDWARD LEE SPENCER and
CAROLYN KAY SPENCER, Plaintiffs

By:

Frederick J. Harrison
Frederick J. Harrison, P.C.
715 W. Pine
P.O. Box 1066
Rawlins, WY 82301
(307) 324-6639
Fax (307) 324-4444

and

Stuart A. Ollanik
The Gilbert Law Group, P.C.
5400 Ward Road, Bldg. IV, Suite 200
Arvada, CO 80220
(303) 431-1111
Fax (303) 431-1633